UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN JAMES PIERCE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 21-CV-0506-CVE-SH ) |
| SCOTT NUNN, | ) ) ) |
| Respondent. | ) |

# OPINION AND ORDER

Petitioner Steven James Pierce, a state inmate appearing pro se,[1] seeks federal habeas relief through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed November 25, 2021.[2] Respondent Scott Nunn moves to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having considered the petition, Nunn's motion (Dkt. # 5) to dismiss and brief in support (Dkt. # 6), and Pierce's response (Dkt. # 9) in opposition to the motion to dismiss, the Court grants Nunn's motion and dismisses the petition as barred by the one-year statute of limitations.

---

[1] Because Pierce appears without counsel, the Court liberally construes his filings. James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). But the rule of liberal construction neither permits nor requires the Court to act as his advocate by developing arguments not fairly presented in his petition or response. Id.

[2] The Clerk of Court received the petition on November 29, 2021. Dkt. # 1, at 1. However, the Court deems the petition filed November 25, 2021, the date Pierce declares, under penalty of perjury, that he gave the petition to prison authorities for mailing using his facility's legal mail system. Dkt. # 1, at 15; Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

I.

Pierce brings this action to challenge his custody under the criminal judgment entered against him in the District Court of Rogers County, Case No. CF-2007-223. Dkt. # 1, at 1.[3] In that case, Pierce, represented by counsel, pleaded guilty to committing two counts of robbery with a weapon and two counts of assault and battery with intent to kill. Dkt. # 1, at 1. On April 10, 2008, the trial court imposed two 30-year prison sentences to be served concurrently with each other, two life sentences to be served concurrently with each other, and ordered Pierce to serve the 30-year sentences consecutively to the life sentences. Dkt. # 1, at 1; Dkt. # 6-1, at 9. Pierce did not seek direct review of his criminal judgment by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. # 1, at 2.

On July 9, 2020, nearly twelve years after the trial court imposed Pierce's sentences, the United States Supreme Court issued its decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). Applying established federal law, the McGirt Court determined that because Congress never disestablished the Muscogee (Creek) Nation Reservation, the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a). McGirt, 140 S. Ct. at 2462-68, 2474. The McGirt Court further held that, as a result, certain crimes committed by or against Native Americans within the boundaries of the Muscogee (Creek) Nation Reservation must be prosecuted in federal court, under 18 U.S.C. §§ 1152 and 1153, rather than in state court. McGirt, 140 S. Ct. at 2479. In rejecting several arguments related to the impact of its ruling, the McGirt Court emphasized that its ruling was limited, stating, "Each tribe's treaties must be considered on their own terms, and the only question before us concerns the Creek." McGirt, 140 S. Ct. at 2479.

---

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

Relying on the reasoning from McGirt, the OCCA held, in March 2021, that Congress never disestablished the Cherokee Nation Reservation. Hogner v. State, 500 P.3d 629, 635 (Okla. Crim. App. 2021). On May 14, 2021, Pierce sought postconviction relief in Rogers County District Court, claiming that—in light of Hogner and earlier state court decisions involving challenges to Oklahoma's exercise of criminal jurisdiction in Indian country—the trial court lacked jurisdiction over his criminal prosecution because he committed his crimes within the boundaries of the Cherokee Nation Reservation and he should have been prosecuted in federal court under the General Crimes Act, 18 U.S.C. § 1152. Dkt. # 1, at 3; Dkt. # 6-2, at 1-5; Dkt. # 6-3, at 1-7. The state district court denied Pierce's application for postconviction relief on August 3, 2021, concluding that Pierce should have filed an application for postconviction relief seeking leave to file a direct appeal out of time. Dkt. # 6-4, at 1. Pierce filed a postconviction appeal on August 11, 2021. Dkt. # 6-1, at 11.

The next day, in a different case, the OCCA reaffirmed its holdings, in Hogner and other post-McGirt decisions, recognizing the existence of the Cherokee, Choctaw, Chickasaw and Seminole Reservations, but held "that McGirt and [the OCCA's] post-McGirt decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when McGirt was decided." State ex rel. Matloff v. Wallace, 497 P.3d 686, 689 (Okla. Crim. App. 2021), cert. denied sub nom. Parish v.Oklahoma, 142 S. Ct. 757 (Jan. 10, 2022). Relying on Wallace, the OCCA affirmed the state district court's order denying Pierce's application for postconviction relief on November 8, 2021. Dkt. # 1, at 3-4; Dkt. # 6-5, at 1-2.

Pierce then filed a petition for writ of habeas corpus in this Court. He identifies three claims: (1) "McGirt v. Oklahoma, 140 S. Ct. 2452 (2020) is retroactive and is not a new procedural rule," (2) the "trial court did not have jurisdiction due to treaty provisions," and (3) the "trial court did not

have jurisdiction that the alleged crimes were committed against an Indian in Indian country." Dkt. # 1, at 5-8.  In the section of the petition that asks Pierce to explain why these claims are not barred by the one-year statute of limitations, Pierce states:

> McGirt v. Okla decision did not come into
> effect until July, 2020
> issue of subject matter Jurisdiction
> never waived in the State of Okla.
> state violations of numerous
> treaty provisions
> violation of Federal Law
> mis-application of federal Law
> all By the State of Okla.
> violation of the U.S. Const/Due Process

Dkt. # 1, at 13-14.  Pierce asks this Court to release him from state custody "immediately without further state proceedings."  Dkt. # 1, at 15.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254.  The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Regardless of which provision describes the event that triggers the commencement date, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if it is filed before the one-year limitation period expires. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

Finally, because the AEDPA's statute of limitations is not jurisdictional, a federal court may toll the limitation period for equitable reasons "in appropriate cases," Holland v. Florida, 560 U.S. 631, 645 (2010), or may apply an equitable exception and excuse the untimeliness of the petition when the petitioner makes a "credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

### III.

Nunn contends that the petition is untimely under 28 U.S.C. § 2244(d)(1)(A), that McGirt did not trigger a later one-year limitation period under §2244(d)(1)(C) or create an exception to the statute of limitations for claims challenging the trial court's jurisdiction, and that Pierce has not shown that either equitable tolling or application of Perkins's equitable exception is warranted. Dkt. # 6, at 3-9.

5

Pierce opposes the dismissal motion. In addition to the assertions regarding timeliness that he makes in his petition, Pierce argues in his response (1) that he is entitled to statutory tolling because Oklahoma law (before the OCCA's "flawed" decision in Wallace) permitted defendants to challenge a lack of subject-matter jurisdiction "at any time on collateral appeal" and (2) the AEDPA's "timeliness restrictions" and "deferential standard of review" under 28 U.S.C. § 2254(d) do not apply to the question of subject-matter jurisdiction because "[t]he void ab initio doctrine establishes an exception to AEDPA." Dkt. # 9, at 1-7.

For several reasons, the Court agrees with Nunn that the one-year statute of limitations bars relief as to all claims raised in the petition. First, to the extent Pierce argues that the AEDPA's one-year statute of limitations does not apply because the OCCA's ruling on his jurisdictional claim is not entitled to deference under § 2254(d), Pierce's argument misunderstands the question before this Court and the applicable law. The threshold question for this Court is whether Pierce timely sought federal habeas relief in accordance with the one-year statute of limitations imposed by federal law. That question does not call for application of § 2254(d)'s "deferential" framework. Rather, it calls for application of the plain language of § 2244(d)'s provisions regarding the one-year statute of limitations and statutory tolling.

Second, to the extent Pierce argues that the one-year statute of limitations does not apply either because Oklahoma law permits challenges "at any time" to the trial court's subject-matter jurisdiction or because federal courts can consider their own jurisdiction at any time, he is mistaken. Section § 2244(d)(1) applies in all cases when a person in state custody seeks to collaterally attack a state-court judgment through a 28 U.S.C. § 2254 petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court."). Nothing in the plain text of § 2244(d)(1) either suggests or supports that the statute of limitations does not apply when a petitioner asserts a claim challenging the state trial court's exercise of jurisdiction in a criminal proceeding. Rather, on federal habeas review, a claim that the state trial court lacked jurisdiction alleges a due-process violation. Yellowbear v Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008); Lowery v. Estelle, 696 F2d 333, 337 (5th Cir. 1983). And, "'[a]s with any other habeas claim,' . . . § 2254 claims predicated on the convicting court's lack of jurisdiction are 'subject to dismissal for untimeliness.'" Jones v. Pettigrew, Case No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (unpublished) (quoting Morales v. Jones, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)).[4] See also McGirt, 140 S. Ct. at 2460, 2479 (noting that, in the case before it, Oklahoma "put aside whatever procedural defenses it might have," and further noting that "[o]ther defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on postconviction review in criminal proceedings").

Third, the petition is undoubtedly untimely under § 2244(d)(1)(A). Under that provision, the one-year limitation period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Pierce appears to argue, in part, that this provision cannot bar relief because his judgment is "void" for lack of jurisdiction and thus, cannot be considered a "final" judgment. Dkt. # 9, at 4-6. There is some support for the view that a judgment entered by a court that lacked jurisdiction is "void."

---

[4] The Court cites all unpublished decisions herein for their persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

See, e.g., Ex parte Reed, 100 U.S. 13, 23 (1879) ("Every act of a court beyond its jurisdiction is void."); Wallace, 497 P.3d 686, 695 (Lumpkin, J., specially concurring) ("When the federal government pre-empts a field of law, the legal effect is to deprive states of their jurisdiction in that area of the law. If a court lacks jurisdiction to act than any rulings and judgments would appear to be void when rendered."). But even if Pierce could prove that the trial court lacked jurisdiction over his criminal prosecution and that his judgment is thus "void," that would not mean that his judgment did not become "final" as that term is used in § 2244(d)(1)(A). The plain text of § 2244(d)(1)(A) provides that, for purposes of triggering the one-year limitation period, a state-court judgment is "final" when the petitioner can no longer seek direct review of that judgment. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." (quoting 28 U.S.C. § 2244(d)(1)(A))). Thus, while the end of direct review does not bar a state or federal collateral attack on an allegedly "void" state-court judgment, the end of direct review does trigger the one-year limitation period under § 2244(d)(1)(A) for filing a federal habeas petition to challenge the allegedly "void" judgment. And Pierce's judgment became final more than a decade before he filed the instant petition. Because Pierce was convicted upon his plea of guilty, his only path to direct review was through filing a motion to withdraw his plea and, if that was denied, filing a certiorari appeal. See Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007) (discussing Oklahoma law). Pierce did not move to withdraw his plea or file a certiorari appeal. As

8

a result, his judgment became final on April 21, 2008, ten days after his sentencing hearing, when the time expired to seek direct review.[5] Gonzalez, 565 U.S. at 150; Fleming, 481 F.3d at 1255. His one-year limitation period, under § 2244(d)(1)(A), commenced the next day, April 22, 2008, and expired one year later on April 22, 2009. Pierce did not seek postconviction relief until May 2021, long after the expiration of his one-year limitation period; thus, he cannot benefit from statutory tolling. Clark, 468 F.3d at 714. Under § 2244(d)(1)(A), the petition is untimely.

Fourth, as Nunn contends, Pierce cannot rely on McGirt to show that his circumstances triggered a later commencement date for his one-year limitation period under any other provision of § 2244(d)(1). Liberally construing Pierce's petition, he appears to allege that his limitation period may have started on July 9, 2020, when McGirt was decided, under § 2244(d)(1)(C). Specifically, Pierce asserts that McGirt announced a "substantive rule with constitutional force" that should apply retroactively and that McGirt had no "effect" until July 2020. Dkt. # 1, at 5, 13-14. Under § 2244(d)(1)(C), a petitioner's one-year limitation period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But federal courts in Oklahoma have held that McGirt did not trigger a new one-year limitation period under § 2244(d)(1)(C) because McGirt did not recognize a new constitutional right. Jones, 2021 WL 3854755, at *3; Sanders v. Pettigrew, Case No. CIV 20-530-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021); Littlejohn v. Crow, Case No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021). And even a liberal construction of Pierce's filings

---

5   The ten-day period would have expired on April 20, 2008, but because that was a Sunday, Pierce had until the following Monday, April 21, 2008, to file a timely motion to withdraw his plea. FED. R. CIV. P. 6(a)(1)(C).

does not suggest that he has fairly presented an argument that any other provision § 2244(d)(1) might apply in his case.

Fifth and finally, while Nunn contends that Pierce has not made the showings necessary to obtain equitable tolling or to invoke Perkins's equitable exception, the Court finds that Pierce has not even attempted to make those showings. Nor could he. As previously discussed, Pierce pleaded guilty in 2008, undermining the credibility of any assertion of actual innocence, and he first challenged the validity of his judgment in 2021, preventing a showing that he pursued his claims with reasonable diligence.

### IV.

Based on the foregoing analysis, the Court grants Nunn's motion to dismiss and dismisses Pierce's petition for writ of habeas corpus, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Further, because the Court finds that reasonable jurists would not debate the correctness of this procedural dismissal, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Nunn's motion to dismiss (Dkt. # 5) is **granted**;

2. Pierce's petition for writ of habeas corpus is **dismissed**, with prejudice, as barred by the one-year statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 28th day of June, 2022.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE